http://www.va.gov/vetapp16/Files3/1621723.txt

Citation Nr: 1621723 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 11-11 604 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi

THE ISSUE(S)

Entitlement to a total disability for compensation purposes based on individual unemployability (TDIU).

REPRESENTATION

Appellant represented by: The American Legion

ATTORNEY FOR THE BOARD

A. Cryan, Counsel

INTRODUCTION

The Veteran served on active duty from May 1943 to February 1946.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi. 

The current claim for TDIU arises from the Veteran's previous appeal for an increased disability rating for a service-connected lumbar spine disability. See Rice v. Shinseki, 22 Vet. App. 447 (2009).

The Board notes in passing that the VA RO denied a claim for an increased rating for the Veteran's service-connected lumbar spine disability in a September 2015 rating decision and included the issue on an October 2015 supplemental statement of the case. However, the Board fully addressed this issue in a decision of December 2012 and as such this issue will not be addressed by the Board in the instant decision. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2015).

FINDINGS OF FACT

1. During the relevant appeal period at issue, service connection was in effect for a lumbar spine disability, rated at 20 percent. Service connection is not in effect for any other disabilities.
 
2. The most competent, credible, and probative evidence of record demonstrates that the Veteran's service-connected disability is not of such nature and/or severity as to prevent him from securing or following any substantially gainful employment.

CONCLUSION OF LAW

Criteria for a TDIU are not met. 38 U.S.C.A. § 1155 (West 2015); 38 C.F.R. §§ 3.340, 3.341, 4.16, 4.19, 4.25 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

As noted above, the current claim for TDIU arises from the Veteran's previous appeal for an increased disability rating for a service-connected lumbar spine disability. See Rice v. Shinseki, 22 Vet. App. 447 (2009).

Total disability ratings for compensation based on individual unemployability may be assigned when the combined schedular rating for the service-connected disabilities is less than 100 percent and when it is found that the service-connected disabilities are sufficient to produce unemployability without regard to advancing age, provided that, if there is only one such disability, this disability is ratable at 60 percent or more, or, if there are two or more disabilities, there is at least one disability ratable at 40 percent or more and additional disabilities to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.341, 4.16.

In determining whether unemployability exists, consideration may be given to the Veteran's level of education, special training, and previous work experience, but not to his age or to any impairment caused by non-service-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19. However, the Veteran's service-connected disabilities, alone, must be sufficiently severe to produce unemployability. Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993).

During the pendency of the appeal, service connection was in effect for a lumbar spine disability, rated at 20 percent. Service connection is not in effect for any other disabilities. 

Because the Veteran does not have one service-connected disability rated as at least 60 percent, or two or more disabilities with a combined rating of at least 70 percent, with one disability rated at 40 percent, the schedular criteria for TDIU under 38 C.F.R. § 4.16(a) are not met at any time during the pendency of the appeal. Nevertheless, the Board must determine whether the Veteran's TDIU claim should be submitted to the Director of Compensation and Pension service for consideration of TDIU on an extraschedular basis. See 38 C.F.R. § 4.16(b). 

A TDIU rating may be granted on an extraschedular basis, pursuant to 38 C.F.R. §4.16(b), for veterans who are unemployable by reason of service-connected disabilities but who fail to meet the percentage standards set forth in 38 C.F.R. § 4.16(a). For a veteran to prevail on an extraschedular basis, the record must reflect some factor which takes the case outside the schedular criteria. The sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough. A disability rating in itself is recognition that the impairment makes it difficult to obtain or keep employment, but the ultimate question is whether a veteran is capable of performing the physical and mental acts required by employment, not whether he can find employment. Van Hoose v. Brown, 4 Vet. App. 361 (1993). 

In a claim for TDIU, the ultimate question of whether a Veteran is capable of substantially gainful employment is not a medical one; that determination is for the adjudicator. See 38 C.F.R. § 4.16(a); see also Geib v. Shinseki, 733 F.3d 1350, 1354 (Fed. Cir. 2013) (noting that "applicable regulations place responsibility for the ultimate TDIU determination on the [adjudicator], not a medical examiner"); Floore v. Shinseki, 26 Vet. App. 376, 381 (2013) (observing that "medical examiners are responsible for providing a 'full description of the effects of disability upon the person's ordinary activity,' 38 C.F.R. § 4.10, but it is the rating official who is responsible for 'interpret[ing] reports of examination in light of the whole recorded history, reconciling the various reports into a consistent picture so that the current rating may accurately reflect the elements of disability present,' 38 C.F.R. § 4.2 .").

Having reviewed the medical and lay evidence of record, the Board has determined that the Veteran's service-connected lumbar spine disability did not preclude him from either obtaining or maintaining substantially gainful employment, consistent with his education and past occupational experience.

A review of the VA examinations dated in February 2009, February 2010, March 2011, and May 2015, reflect that the Veteran reported that he stopped working as a mechanic in 1999 due to age and his back pain. 

The May 2015 VA examiner indicated that the Veteran's back precluded physical or sedentary work duties with lifting, bending, squatting, twisting, turning, carrying weight, sit for long periods of time, and any repetitive motions from his back condition. However, VA treatment reports dated in July 2015 reflect that the Veteran's back pain flared but settled down to a level of 2/10. 

The Veteran did not respond to VA's request that he submit a VA Form 21-8940, Veterans Application for Increased Compensation Based on Unemployability in order to provide additional information regarding his claim. 

The Board wishes to make clear is that there is not any disagreement that the Veteran's service-connected lumbar spine disability has, and continues to, impair the Veteran's functioning to some degree. It is for that reason that service connection was established and a compensable rating was assigned. 

38 C.F.R. § 4.1 provides that the percentage schedular ratings represent as far as can practicably be determined the average impairment in earning capacity resulting from service connected diseases and injuries and their residual conditions in civil occupations.

However, in the case of the Veteran his service-connected disability is simply not of the severity to render him unable to work.

Consequently, there is no objective evidence indicating that the Veteran's service-connected lumbar spine disability renders him unemployable. As such, a TDIU is denied.

There is no indication in this record of a failure to notify. See Scott v. McDonald, 789 F.3rd 1375 (Fed. Cir. 2015). Pursuant to the duty to assist, numerous examination in this case have been undertaken. Regarding records, VA must obtain "records of relevant medical treatment or examination" at VA facilities. 38 U.S.C.A. § 5103A(c)(2). All records pertaining to the conditions at issue are presumptively relevant. See Moore v. Shinseki, 555 F.3d 1369, 1374 (Fed. Cir. 2009); Golz v. Shinseki, 590 F.3d 1317 (Fed. Cir. 2010). In addition, where the Veteran "sufficiently identifies" other VA medical records that he or she desires to be obtained, VA must also seek those records even if they do not appear potentially relevant based upon the available information. Sullivan v. McDonald, 815 F.3d 786, 793 (Fed. Cir. 2016) (citing 38 C.F.R. § 3.159(c)(3)). In this case, the Veteran has indicated no such records and all pertinent records have been obtained. 

ORDER

A TDIU is denied.

____________________________________________
JOHN J. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs