http://www.va.gov/vetapp16/Files3/1626437.txt

Citation Nr: 1626437 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 11-01 601 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia

THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disorder.

2. Entitlement to service connection for hepatitis C.

3. Entitlement to service connection for glaucoma.

REPRESENTATION

Veteran represented by: Georgia Department of Veterans Services

ATTORNEY FOR THE BOARD

L. S. Kyle, Associate Counsel

INTRODUCTION

The Veteran served on active duty from April 1973 to May 1974.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from August and November 2009 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia.

This matter was previously before the Board in October 2015, when it was remanded for further development. At that time, the Board reopened the Veteran's claim of entitlement to service connection for an acquired psychiatric disorder.

In June 2016, the Veteran filed an application for nonservice-connected pension benefits. This claim has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015).

The issues of service connection for an acquired psychiatric disorder and hepatitis C are addressed in the REMAND portion of the decision below and are REMANDED to the AOJ.

FINDINGS OF FACT

The Veteran's current glaucoma did not onset in service and is not otherwise the result of disease of injury in service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for glaucoma have not been met. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Due Process

VA has a duty to notify and assist claimants in substantiating claims for VA benefits. See eg. 38 U.S.C.A. §§ 5103, 5103A (West 2014) and 38 C.F.R. § 3.159 (2015). VA provided adequate notice in a letter mailed to the Veteran in January 2009.

VA has also satisfied its duty to assist. This duty includes assisting with the procurement of pertinent treatment records and providing an examination when necessary. 38 C.F.R. § 3.159. All pertinent, identified medical records have been obtained and considered regarding this claim. The RO requested records from the Social Security Administration in November 2015, but there are no records available from that agency because they have been destroyed.

The duty to assist does not require an examination in this case. Four factors must be considered when determining whether VA must provide an examination or obtain a medical opinion with respect to a service connection claim: (1) whether there is competent evidence of a current disability or persistent or recurrent symptoms of a disability; (2) whether there is evidence establishing that an event, injury, or disease occurred in service, or evidence establishing certain diseases manifesting during an applicable presumption period; (3) whether there is an indication that the disability or symptoms may be associated with the claimant's service or with another service-connected disability; and (4) whether there otherwise is sufficient competent medical evidence of record to make a decision on the claim. McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006) (citing 38 U.S.C. § 5103A(d); 38 C.F.R. § 3.159(c)(4)).

In this case, there is not evidence establishing the relevant injury, disease or event. In his April 2010 notice of disagreement, the Veteran contended that he did not have a family history of glaucoma and it is possible that he had glaucoma before separation from active service. Then, following the issuance of the Statement of the Case by the AOJ, the Veteran, in his January 2011 VA Form 9, stated that his eyes would burn from the very first time he was on the firing range in basic training. Review of the service treatment records shows that he did not report any eye symptoms during service although he did report symptoms of similar severity and nature, such as in April 1974 when he reported general malaise, head congestion, dry cough and that he was afebrile. At separation from service he indicated in a report of medical history that he had never had eye trouble. If he had eye symptoms during service, as he now asserts, it is very likely that he would have reported such symptoms during service as he reported other symptoms not of a significantly greater severity or different nature during service. Given that the service treatment records appear complete, this lack of such report tends to show that he did not have eyes symptoms during service. It is also highly unlikely that he would have reported that he had never had eye trouble at the time he was separated from service if he did indeed have eye irritation during service from the very first time he was on the firing range. Given these facts, the Board finds that his recent reports of symptoms during service are not credible and concludes the evidence does not establish a relevant injury, disease, or event in service. 

The Board is aware that the Veteran stated in his January 2011 VA Form 9 that "[t]here is a strong possibility that the hepatitis is a direct connection to the Glaucoma." This statement is a bare conclusion, unsupported by any explanation and is a statement that could exist in any case involving a claim for service connection for two disabilities. Without more than a bare assertion, this is not enough to rise to even the low threshold of an indication of an association between his service and glaucoma. 

For these reasons, the Board finds that VA has no duty to provide an examination with regard to the glaucoma issue. 

The Veteran requested a hearing in his January 2011 substantive appeal. He was initially scheduled for a hearing in July 2015, but requested the hearing be rescheduled due to lack of transportation. The hearing was rescheduled for September 2015, but the Veteran eventually withdrew his hearing request in writing in August 2015. See 38 C.F.R. § 20.704(e).

There has also been substantial compliance with the Board's prior remand directives. See Stegall v. West, 11 Vet. App. 268 (1998). In October 2015, the Board remanded this matter for further development. The Board directed the AOJ to obtain SSA records, any reasonably identified outstanding treatment records, and the Veteran's full personnel and service treatment records. As previously noted, the Veteran's SSA records have been destroyed. Current treatment records and the Veteran's full personnel and service treatment records were added to the claims file in November 2015.

As there is no indication that any additional notice or assistance could aid in substantiating this claim, VA has satisfied its duties under the VCAA and proceeds with consideration of the Veteran's appeal. 38 U.S.C.A. § 5103A(a)(2); Newhouse v. Nicholson, 497 F.3d 1298 (Fed. Cir. 2007).

II. Merits

Service connection will be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110; 38 C.F.R. § 3.303.

Establishing service connection generally requires evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

The Board must consider all the evidence of record and make appropriate determinations of competence, credibility, and weight. See Washington v. Nicholson, 19 Vet. App. 362, 368 (2005).

When there is an approximate balance of positive and negative evidence regarding any material issue, reasonable doubt will be resolved in favor of the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102.

The Veteran was diagnosed as having glaucoma in March 2008; therefore, the current disability requirement for service connection has been met.

As explained in the Due Process section of this decision, the Board finds that there is no in-service injury, disease or event in this case. The Veteran's statements regarding eye irritation in service are not credible and are outweighed by the service treatment records. His bare assertion that his glaucoma is possibly connected to his hepatitis is not competent evidence because whether hepatitis causes or aggravates glaucoma is not a simple question and not one determinable by observation with one's senses. See Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); Layno v. Brown, 6 Vet. App. 465, 469 (1994). 

Ultimately, the preponderance of evidence is against a finding that the Veteran has glaucoma as a result of an in-service injury or disease. Thus, the benefit-of-the-doubt doctrine does not apply, and the Veteran's claim for service connection for glaucoma must be denied. See Gilbert v. Derwinski, 1 Vet. App 49 (1990).

ORDER

Entitlement to service connection for glaucoma is denied.

REMAND

VA has a duty to ensure any medical examination or opinion it provides is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (overruled on other grounds, Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013)). "An opinion is adequate where it is based upon consideration of the Veteran's prior medical history and examinations and also describes the disability, if any, in sufficient detail so that the Board's evaluation of the claimed disability will be a fully informed one." Stefl v. Nicholson, 21 Vet. App. 120, 123 (2007) (internal citations and quotations omitted).

Here, the Board finds the December 2015 VA psychiatric examination, to include its February 2016 addendum, inadequate to make an informed decision on the Veteran's claim.

First, the December 2015 VA examiner addressed post-traumatic stress disorder (PTSD), but did not address any of the other psychiatric diagnoses in the record, to include schizophrenia, major depressive disorder, and substance abuse disorder, as directed in the Board's October 2015 remand. See Stegall v. West, 11 Vet. App. 268, 271 (1998). If a previously diagnosed psychiatric disorder is not found currently by a VA examiner, the Board is required to obtain a medical opinion that resolves the discrepancies between the two potentially competing medical opinions, to include whether the prior diagnosis was made in error or the previously diagnosed condition is in remission. Romanowsky v. Shinseki, 26 Vet. App. 289 (2013).

Second, the December 2015 VA examiner provided an inadequate rationale with respect to PTSD in the February 2016 addendum. He concluded it was less likely than not that the Veteran's PTSD is the result of service because the in-service personal assault has not been verified. VA regulation specifically provides evidence of behavior changes, to include, but not limited to, transfer to another military duty assignment; deterioration in work performance; substance abuse; episodes of depression, panic attacks, or anxiety without an identifiable cause; or unexplained economic or social behavior changes, following a claimed assault may serve as evidence that the assault occurred. See 38 C.F.R. § 3.304(f)(5). VA regulation further provides evidence of behavior changes may be submitted to a medical or mental health professional for opinion as to whether it indicates that a personal assault occurred. The December 2015 VA examiner did not provide this type of opinion; therefore, a new examination is necessary.

With regard to the Veteran's claim of entitlement to service connection for hepatitis C, a November 2015 VA examiner relied on three items of evidence to support his opinion, as follows: November 5, 2001 and April 22, 2002 gastroenterology clinic visits, a November 7, 2001 HCPCRQL result, dismissal from gastroenterology clinic in April 2002 after testing negative for the disease, and a June 2015 CT scan of the Veteran's liver. Review of the opinion indicates that the examiner considered not only the records in the claims file but also VA treatment records. The relied upon records are not in the Veteran's claims file. VA's duty to assist requires efforts to ensure all available VA treatment records have been obtained and associated with the Veteran's claims file. See 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c); see also Sullivan v. McDonald, 815 F.3d 786 (Fed. Cir. 2016). Thus, a remand is necessary to ensure that all of his VA treatment records are associated with the claims file

Accordingly, the case is REMANDED for the following action:

1. Obtain all outstanding VA treatment records and associate them with the Veteran's claims file, to include, but not limited to records of November 2001 and April 2002 gastroenterology clinic visits, a November 7, 2001 HCPCRQL result, and a June 2015 CT scan of the Veteran's liver. 

2. Schedule the Veteran for a VA examination that addresses his claim of entitlement to service connection for an acquired psychiatric disorder.

The examiner must provide an opinion as to whether it is at least as likely as not that any psychiatric disorder that the Veteran has had at any time since he filed his current claim had onset during his active service or was caused by his active service. The examiner is specifically asked to address whether there is sufficient evidence of behavior changes following the claimed assault to constitute credible evidence that a personal assault occurred. The examiner is cautioned that there is no requirement for verification of an inservice stressor with regard to any psychiatric condition other than PTSD.

If a previously diagnosed psychiatric disorder, to include PSTD, schizophrenia and major depressive disorder, is not found currently, the examiner must address whether the previously diagnosed condition has resolved, or whether the prior diagnosis was made in error.

If it is determined that a current psychiatric disorder is at least as likely as not the result of disease or injury in service, the examiner is asked to address whether the Veteran's substance abuse disorder is at least as likely as not proximately due to, or aggravated by, the psychiatric disorder found to be the result of disease or injury in service.

The examiner must give a rationale for any opinion provided. If the examiner cannot provide the requested opinion without resorting to speculation, he or she should expressly indicate this and explain why an opinion cannot be provided without resorting to speculation. Any missing evidence that would enable the examiner to provide the opinion should also be identified.

3. Readjudicate the remaining issues on appeal. If any benefit sought on appeal remains denied, furnish to the Veteran and his representative a supplemental statement of the case and allow an appropriate opportunity to respond thereto before returning the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
JAMES G. REINHART
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs