Citation Nr: 1710387 
Decision Date: 03/22/17 Archive Date: 04/11/17

DOCKET NO. 11-34 022 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to service connection for a seizure disorder, to include as secondary to service-connected claustrophobia with depression. 

2. Entitlement to a rating in excess of 70 percent for service-connected claustrophobia with depression.

3. Entitlement to an effective date earlier than April 16, 2009, for the grant of a total disability rating based on individual unemployability (TDIU).

4. Entitlement to an effective date earlier than April 16, 2009, for eligibility to Dependents' Educational Assistance (DEA) benefits under Chapter 35, Title 38, United States Code.



REPRESENTATION

Appellant represented by: Michael Viterna, Attorney


ATTORNEY FOR THE BOARD

Tracie N. Wesner, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the United States Navy from August 1961 to March 1964. He died in July 2014. The appellant, his surviving spouse, has been determined by the RO to be a valid substitute in this matter.

This matter comes before the Board of Veterans' Appeals (Board) from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina. In a December 2009 rating decision, the RO denied a rating in excess of 70 percent for service-connected claustrophobia with depression and service connection for a seizure disorder, to include as secondary to service-connected claustrophobia with depression. A September 2011 rating decision of a Decision Review Officer (DRO) granted a TDIU and DEA benefits and assigned an effective date of April 16, 2009, to both.

The issues of entitlement to a rating in excess of 70 percent for service-connected claustrophobia with depression, and entitlement to a TDIU and DEA benefits prior to April 16, 2009 are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

The Veteran's seizure disorder is at least as likely as not due to his service-connected claustrophobia with depression.


CONCLUSION OF LAW

The criteria for service connection for a seizure disorder have been met. 38 U.S.C.A. §§ 1131, 1112, 1154(a), 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.310 (2016). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Board finds that entitlement to service connection for a seizure disorder as secondary to the Veteran's service-connected claustrophobia with depression is warranted. During the appeal period, the Veteran was diagnosed with Psychogenic Non Epileptic seizures (PNES). He was also service connected for claustrophobia with depression. In a January 2014 opinion, psychiatrist, M.B., opined that it is more likely than not that the seizure condition is secondary to the Veteran's service-connected mental condition. Based on her review of the Veteran's relevant medical history and the competent and credible lay statements of his family members concerning the stressful circumstances surrounding his seizure episodes, Dr. M.B. determined that routine stresses set off the Veteran's periods of altered consciousness. She noted that the condition did not respond to effectively to anti-seizure medication over several years and had not been identified on a routine EEG. Based on these circumstances, she reasoned that the Veteran's seizure disorder was correctly diagnosed as PNES, was psychogenic in nature and thus by definition were stress-induced. Consequently, she determined that the Veteran's seizures were proximately caused by his claustrophobia with depression in so far as both were triggered or caused by stress. 

In a February 2017 opinion, a VHA expert also opined that the Veteran's diagnosed seizure disorder was at least as likely as not due to his service-connected claustrophobia with depression. Again, based on a review of the Veteran's relevant medical history and the competent and credible lay reports of his family members, the VHA neurology expert reasoned that the Veteran's seizure episodes occurred during times of emotional stress and did not respond effectively to treatment with anti-epileptics. Consequently, he was given the diagnosis of PNES. The VHA expert further noted that PNES are somatic manifestations of psychological distress rather than neurologic in origin and, although they mimic epileptic seizures, they are not associated with physiological central nervous system dysfunction but are instead psychogenically determined and have a heterogeneous psychiatric pathogenesis. The Board finds the opinions of Dr. M.B. and the February 2017 VHA expert highly probative as they contain clear conclusions with supporting data and a reasoned medical explanation connecting the two. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301 (2008). 

The Board notes that an October 2009 VA examiner opined that the Veteran's seizure disorder is less likely than not due to his claustrophobia with depression; however, as this opinion failed to consider the lay reports of the Veteran's family members with regard to the stressful circumstances leading up to his seizures, the Board affords the negative nexus opinion no probative value. Reonal v. Brown, 5 Vet. App. 458 (1993). Thus, the elements necessary to establish service connection for a seizure disorder on a secondary basis have been met. See 38 C.F.R. § 3.310; see also Allen v. Brown, 7 Vet. App. 439, 448 (1995) (en banc).



ORDER

Service connection for a seizure disorder is warranted.


REMAND

The Board remands the remaining issues for further development. The Veteran was being treated for his service-connected psychiatric condition prior to his death; however, the most recent VA medical records in the claims file are from October 2013. As such, remand is necessary to obtain any additional VA treatment records that may be available from October 2013 to July 2014. See Sullivan v. McDonald, 815 F.3d 786 (2016); see also Bell v. Derwinski, 2 Vet. App. 611, 613 (1992).

In light of the Board's grant of service connection for a seizure disorder, the issues of entitlement to a TDIU and DEA benefits prior to April 16, 2009, should be remanded. The RO must assign the initial rating and effective date for the Veteran's seizure disorder in the first instance. See 38 U.S.C.A. § 7104 (a) (West 2014). The assignment of an initial rating and effective date may affect the period on appeal and the Veteran's entitlement to a TDIU and DEA benefits prior to April 16, 2009. Thus, these claims should be remanded as inextricably intertwined with the RO's adjudication of the initial rating and effective date to be assigned for the seizure disability. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991).

Accordingly, the case is REMANDED for the following action:

1. Obtain any outstanding VA treatment records from October 2013 through July 2014.

2. Ask the appellant to identify any private medical records she would like to have considered in connection with the claims. Any identified documents for which an authorization is provided should be sought.

3. After the above development has been completed and the initial rating and effective date for the now service-connected seizure disorder have been assigned, readjudicate the remanded issues. If any of the benefits sought on appeal remain denied, furnish the appellant and her representative with a supplemental statement of the case and afford them the opportunity to respond before the file is returned to the Board for further consideration.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).





______________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs