# United States Court of Appeals for the Federal Circuit

---

**MAURICE C. SULLIVAN,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7076

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-283, Judge Alan G. Lance, Sr.

---

Decided: March 8, 2016

---

KENNETH DOJAQUEZ, Bluestein, Nichols, Thompson & Delgado, LLC, Columbia, SC, argued for claimant-appellant.

MELISSA BAKER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE; DAVID J. BARRANS, MARTIN JAMES SENDEK, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before REYNA, TARANTO, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

Maurice C. Sullivan appeals from a decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans Appeals ("Board") concluding that the Department of Veterans Affairs ("VA") had satisfied its duty to assist Mr. Sullivan with his request to reopen his claim. Because the Veterans Court misconstrued 38 C.F.R. § 3.159(c)(3), we reverse and remand for further proceedings consistent with this opinion.

## BACKGROUND

Mr. Sullivan, a veteran, filed a claim for service-connected benefits for back and neck injuries. In connection with his claim, Mr. Sullivan testified at a hearing before the VA. In particular, he testified that he sought treatment in 1984 for back and neck pain at a VA medical facility in Asheville, North Carolina, but that the doctors found nothing wrong with his back and neck. The VA denied Mr. Sullivan's claim, finding that the medical evidence of record did not establish service-connection for his injuries. Ten years later, Mr. Sullivan submitted new evidence and sought to reopen his claim. The Board denied the request to reopen, finding the newly submitted evidence was not material. The Board also determined that the VA had satisfied its duty to assist Mr. Sullivan in obtaining identified and available evidence.

Mr. Sullivan appealed to the Veterans Court. There, he argued for the first time that the VA failed to satisfy its duty to assist because it had not obtained his medical records from the Asheville VA facility ("Asheville medical records"). The Veterans Court concluded that the VA's duty to assist claimants in securing records only extends to potentially relevant records. The Veterans Court found

that the Asheville medical records were not *"potentially relevant* records that would aid [Mr. Sullivan] in reopening his claim,"* and thus affirmed the Board's determination that the VA had satisfied its duty to assist. Joint Appendix ("J.A.") 15.

Mr. Sullivan appeals, and we have jurisdiction pursuant to 38 U.S.C. § 7292(c).

## DISCUSSION

Our jurisdiction to review Veterans Court decisions is limited by statute. We may review legal questions, including the validity of any statute or regulation or any interpretation thereof. 38 U.S.C. § 7292(c). We may set aside any regulation or interpretation thereof if we find it: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (4) without observance of procedure required by law. *Id.* § 7292(d)(1); *Wanner v. Principi*, 370 F.3d 1124, 1128 (Fed. Cir. 2004). We may not review factual determinations or application of law to fact, except to the extent an appeal presents a constitutional issue. 38 U.S.C. § 7292(d)(2). Whether the Veterans Court exceeded its jurisdiction is a question of law that we review de novo. *Bonner v. Nicholson*, 497 F.3d 1323, 1326–27 (Fed. Cir. 2007); *Wanner*, 370 F.3d at 1128.

## I.

Mr. Sullivan first argues that the Veterans Court erred in construing 38 C.F.R. § 3.159(c)(3) to impose a relevance standard for VA medical records before triggering the VA's duty to assist a claimant in obtaining such records. Although Mr. Sullivan recognizes that the underlying statute, 38 U.S.C. § 5103A, includes a relevance condition in the VA's statutory duty to assist in obtaining VA medical records, he argues that the VA adopted a

broader duty in promulgating 38 C.F.R. § 3.159(c)(3). Mr. Sullivan argues that this regulatory expansion of the VA's duties was permissible because § 5103A authorizes "the Secretary [to] provid[e] such other assistance . . . as the Secretary considers appropriate." Appellant Br. 12–13 (quoting 38 U.S.C. § 5103A(g)).

The government argues that Mr. Sullivan waived this argument because he did not raise it before the Veterans Court. We read the Veterans Court's opinion to find a relevance requirement both in 38 U.S.C. § 5103A and in 38 C.F.R. § 3.159(c). The Veterans Court cited both the statute and regulation immediately before its sentence stating that "the Secretary's duty to secure records extends only to potentially relevant records." J.A. 14. And after that sentence the Veterans Court cited both the statute and cases that discuss the regulation as well as the statute. The Veterans Court's legal interpretation is properly before us even though Mr. Sullivan did not contest the point before that court. *See Forshey v. Principi*, 284 F.3d 1335, 1350 (Fed. Cir. 2002) (en banc), *superseded in other respect by statute, as recognized in Morgan v. Principi*, 327 F.3d 1357, 1359–64 (Fed. Cir. 2003) (". . . [38 U.S.C. § 7292(a)] does not require that the issue of validity or interpretation have been contested in the [Veterans Court], or even raised below as an issue in the case, so long as the [Veterans Court's] decision . . . depended on a particular elaboration of a statute or regulation (in the case of an interpretation issue). Significantly, Congress did not adopt language requiring that the issue have been 'presented' to the [Veterans Court]."); *see also Verizon Commc'ns Inc. v. FCC*, 535 U.S. 467, 530 (2002) (review permissible where issue was either pressed or passed on); *United States v. Williams*, 504 U.S. 36, 41 (1992) (explaining that requirement is in the disjunctive).

The government also asserts that Mr. Sullivan's argument challenges only factual determinations or the application of law to fact—namely whether the VA satis-

fied its duty to assist—and therefore argues that we lack jurisdiction to consider this issue. We disagree. Our jurisdiction extends to review of any interpretation of a regulation relied on by the Veterans Court in rendering its decision. *See* 38 U.S.C. § 7292(d)(1). The Veterans Court explicitly stated that "the Secretary's duty to secure records extends only to potentially relevant records." J.A. 14. In holding that the Board did not err in finding that the VA satisfied the duty to assist, the Veterans Court found "that the appellant's hearing testimony did not adequately identify any *potentially relevant* records that would aid him in reopening his claim." J.A. 15. While we cannot review the Veterans Court's application of the relevant legal standard to the facts of the case, it is within our jurisdiction to determine whether these statements demonstrate a misunderstanding by the Veterans Court of the standard set out in § 3.159(c)(3).

Turning to the interpretation of § 3.159(c)(3), we agree with Mr. Sullivan that under the plain language of this regulation, the VA's duty to assist extends to providing assistance to obtain all "VA medical records or records of examination or treatment at non-VA facilities authorized by VA" if adequately identified by a claimant. "In construing a statute or regulation, we begin by inspecting its language for plain meaning." *Meeks v. West*, 216 F.3d 1363, 1366 (Fed. Cir. 2000). "[W]e attempt to give full effect to all words contained within that statute or regulation, thereby rendering superfluous as little of the statutory or regulatory language as possible." *Glover v. West*, 185 F.3d 1328, 1332 (Fed. Cir. 1999).

Here, the plain language of the regulation is dispositive. Section 3.159(c)(3) states (with disputed language in italics):

> (c) VA's duty to assist claimants in obtaining evidence. Upon receipt of a substantially complete application for benefits, VA will make reasonable

efforts to help a claimant obtain evidence necessary to substantiate the claim. In addition, VA will give the assistance described in paragraphs (c)(1), (c)(2), and (c)(3) to an individual attempting to reopen a finally decided claim.

. . .

> (3) Obtaining records in compensation claims. In a claim for disability compensation, *VA will make efforts to obtain* the claimant's service medical records, if relevant to the claim; other relevant records pertaining to the claimant's active military, naval or air service that are held or maintained by a governmental entity; *VA medical records or records of examination or treatment at non-VA facilities authorized by VA*; and any other relevant records held by any Federal department or agency. The claimant must provide enough information to identify and locate the existing records including the custodian or agency holding the records; the approximate time frame covered by the records; and, in the case of medical treatment records, the condition for which treatment was provided.

38 C.F.R. § 3.159(c)(3) (emphasis added).

Section 3.159(c) explains that the "VA will make reasonable efforts to help a claimant obtain evidence necessary to substantiate the claim." The regulation also explicitly states that the VA will provide the assistance described in subsection (c)(3) to individuals "attempting to reopen a finally decided claim," which is the context in which Mr. Sullivan's present appeal arises. *See* 38 C.F.R. § 3.159(c). Section 3.159(c)(3) then identifies four categories of records that the VA will provide assistance in

obtaining in connection with compensation claims: (1) the claimant's service medical records, *if relevant* to the claim; (2) other *relevant* records pertaining to the claimant's active military, naval or air service that are held or maintained by a governmental entity; (3) VA medical records or records of examination or treatment at non-VA facilities authorized by VA; and (4) any other *relevant* records held by any Federal department or agency. The VA knew how to indicate when it was limiting its duty to assist to obtaining relevant records only, which it did by including the term "relevant" as a modifier for three of the four categories of records identified in § 3.159(c)(3). But with respect to "VA medical records or records of examination or treatment at non-VA facilities authorized by VA," the modifier "relevant" is notably absent. Because "we attempt to give full effect to all words contained within that statute or regulation," *Glover*, 185 F.3d at 1332, meaning should be given to the VA's choice to impose a relevancy standard on the VA's duty to assist in obtaining certain categories of records, as well as its choice to not impose such a standard on VA medical records. We will not read in a relevancy standard where the VA left it out. *Cf., Brown v. Gardner*, 513 U.S. 115, 120 (1994) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.")

The underlying statute, § 5103A, does not direct a contrary result. Although the statute clearly imposes a relevancy standard on the disputed records, *see* 38 U.S.C. § 5103A(c)(1)(B) (extending duty to assist to obtaining "[r]ecords of relevant medical treatment or examination of the claimant at Department health-care facilities . . ."), it further provides that "[n]othing in [§ 5103A] shall be construed as precluding the Secretary from providing such other assistance under subsection (a) to a claimant

in substantiating a claim as the Secretary considers appropriate," 38 U.S.C. § 5103A(g). Thus, the statute permits the VA to provide additional assistance to claimants beyond that required by § 5103A, and the VA did so with respect to VA medical records when it promulgated § 3.159(c)(3).

Moreover, the veteran benefits system is a uniquely pro-claimant system. *See Hodge v. West*, 155 F.3d 1356, 1362 (Fed. Cir. 1998). Thus, the VA's decision to expand its duty to assist in certain limited circumstances by promulgating § 3.159(c)(3) is a reasonable interpretation of the statutory directive that "[n]othing in [§ 5103A] shall be construed as precluding the Secretary from providing such other assistance under subsection (a) to a claimant in substantiating a claim as the Secretary considers appropriate." 38 U.S.C. § 5103A(g).

Because we find no ambiguity in the language of § 3.159(c)(3), we give no weight to the regulatory history cited by the government. But even considering the regulatory history, we do not find it compelling. The government cites a statement in the regulatory history that prefaces the duty to assist in obtaining VA medical records with the term "relevant." *See* 38 C.F.R. Part 3, Duty to Assist; Notice of proposed rulemaking, 66 Fed. Reg. 17834, 17836 (April 4, 2001). The regulatory history provides no further insight or explanation as to why the regulation lacks this relevancy standard. It is clear from a review of the plain language of § 3.159(c)(3), as promulgated by the VA, that the regulation does not impose a relevancy standard on the VA's duty to provide assistance in obtaining VA medical records.

We are mindful, however, that the context of the entire regulation is relevant to construing regulatory language. *See Vazquez-Claudio v. Shinseki*, 713 F.3d 112, 115 (Fed. Cir. 2013). The VA's duty to assist is not unlimited, and subsection (d) to § 3.159 provides an important

limitation on the VA's duty to assist. Specifically, it provides that the "VA will refrain from providing assistance in obtaining evidence for a claim if the substantially complete application for benefits indicates that there is no reasonable possibility that any assistance VA would provide to the claimant would substantiate the claim." 38 C.F.R. § 3.159(d). While the Veterans Court did not rely on this provision in affirming the Board's determination that the VA had satisfied its duty to assist, it may consider this provision in conjunction with the requirements of § 3.159(c)(3) on remand.

The Veterans Court erred in its interpretation of § 3.159(c)(3). Because § 3.159(c)(3) expanded the VA's duty to assist to include obtaining VA medical records without consideration of their relevance, we reverse the Veterans Court's affirmance of the Board's decision for being predicated on the wrong legal standard.

## II.

We next consider Mr. Sullivan's argument that the Veterans Court exceeded its jurisdiction by making factual findings in the first instance.[1] Specifically, Mr. Sullivan alleges that the Veterans Court made a factual finding that the Asheville medical records were not relevant, an issue he asserts the Board never considered. While we held above that relevancy is not required under § 3.159(c)(3), we nonetheless address Mr. Sullivan's secondary argument because the same issue regarding

---

[1]    Mr. Sullivan alternatively argues that the Veterans Court applied the wrong standard for determining relevance, asking us to overturn our decision in *Golz v. Shinseki*, 590 F.3d 1317 (Fed. Cir. 2010). But as Mr. Sullivan acknowledged in his reply brief, as a panel, we are bound by this court's prior decision in *Golz*.

the Veterans Court's jurisdiction could arise on remand during consideration of § 3.159(d).

As we have explained in a prior review of the Veterans Court's jurisdiction:

> [A]ppellate tribunals are not appropriate fora for initial fact finding. Thus, the Supreme Court has held that when a court of appeals reviews a district court decision, it may remand if it believes the district court failed to make findings of fact essential to the decision; it may set aside findings of fact it determines to be clearly erroneous; or it may reverse incorrect judgments of law based on proper factual findings; "[b]ut it should not simply [make] factual findings on its own."

*Hensley v. West*, 212 F.3d 1255, 1263 (Fed. Cir. 2000) (quoting *Icicle Seafoods, Inc. v. Worthington,* 475 U.S. 709, 714 (1986)) (alterations in original). The Veterans Court has recognized its limitation in this regard. *See Webster v. Derwinski*, 1 Vet. App. 155, 159 (1991) ("Because we are a Court of review, it is not appropriate for us to make a de novo finding, based on the evidence . . . .")

The government argues that the Veterans Court did not engage in factfinding because the Board is presumed to have considered all evidence before it. The government also argues that we lack jurisdiction over this issue, insisting that its consideration requires us to make a factual comparison between the Veterans Court's opinion and the Board's opinion.

But the government contradicts itself, also stating that "[t]he Veterans Court determined, based on Mr. Sullivan's own testimony, that [the Asheville medical records] could not be relevant to his claim for service connection because the treating doctors found nothing wrong with him. *Such a determination is the quintessential factual determination.*" Respondent Br. 24 (emphasis

added) (internal citation omitted). We agree with this characterization and conclude that the Veterans Court engaged in factfinding regarding the relevance of Mr. Sullivan's Asheville medical records, which were not discussed by the Board. Such factfinding is improper for a court of appeals such as the Veterans Court.

On remand, we urge the Veterans Court to be mindful of its jurisdictional limits and refrain from engaging in factfinding when applying the proper statutory and regulatory framework as outlined in this opinion.

CONCLUSION

We hold that § 3.159(c)(3) extends the VA's duty to assist to obtaining sufficiently identified VA medical records or records of examination or treatment at non-VA facilities authorized by VA, regardless of their relevance. The duty to assist, however, is not unlimited; in evaluating whether the duty to assist is satisfied, the Veterans Court may consider the limitations on the duty to assist set forth in § 3.159(d).

Because the Veterans Court relied on the wrong legal standard in affirming the Board's determination that the duty to assist was satisfied, we reverse and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**