http://www.va.gov/vetapp16/Files4/1630484.txt

Citation Nr: 1630484 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 10-23 857 ) 
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida

THE ISSUES

1. Entitlement to separate initial ratings in excess of 10 percent for radiculopathy of the right and left lower extremities. 

2. Entitlement to a rating in excess of 40 percent for intervertebral disc syndrome (IVDS) status post laminectomy (back disability). 

3. Entitlement to an initial compensable rating for bilateral hearing loss.

REPRESENTATION

Veteran represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

Sarah Campbell, Associate Counsel

INTRODUCTION

The Veteran had active service from December 1976 to November 1986.

These matters come before the Board of Veterans' Appeals (the Board) on appeal from May 2008 and December 2009 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

During the pendency of the Veteran's appeal for an increased rating for his service-connected IVDS, a September 2014 rating decision granted service connection for right and left lower extremity radiculopathy, secondary to the Veteran's service-connected IVDS, effective August 14, 2012. The AOJ assigned separate 10 percent ratings for the Veteran's right and left lower extremity radiculopathy. 

In April 2015, the Board expanded the Veteran's appeal as to the claim for a higher rating for a back disability to include the issues of initial higher ratings for bilateral radiculopathy based on the Veteran's contentions and pursuant to the General Rating Formula For Diseases and Injuries of the Spine, which provides that neurological abnormalities are to be rated separately under the appropriate diagnostic code. See 38 C.F.R. § 4.71a, Diagnostic Codes 5235-5243, Note (1) (2015). The Board remanded the claims for additional development and adjudication. After completing the requested development, the RO continued to deny the claims in a November 2015 supplemental statement of the case (SSOC). 

As noted in the Board's April 2015 Remand, the Veteran was scheduled for a videoconference hearing in February 2015 in accordance with his request. Prior to his hearing, in a January 2015 report of information and a February 2015 correspondence, the Veteran stated that would not be attending his scheduled hearing and that he did not wish to have the hearing rescheduled. Accordingly, the Board determined that the Veteran withdrew his hearing request. 38 C.F.R. § 20.704 (e) (2015).

In a May 2015 rating decision, the RO assigned a temporary total (100 percent) evaluation pursuant to 38 C.F.R. § 4.30, effective from November 11, 2014, until December 31, 2014, based on surgical convalescence. 

As a final point, the Board notes that the Veteran submitted additional private treatment records in July 2015, which the Agency of Original Jurisdiction (AOJ) has not considered in the first instance and without a waiver of initial RO consideration. However, the AOJ will have opportunity to review the additional evidence received on remand (discussed below).

The dismissal of the claim for higher initial ratings for bilateral lower extremity radiculopathy is set forth in the decision below and the claims for higher rating for back disability and initial compensable rating for bilateral hearing loss are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).

FINDING OF FACT

In correspondence received in December 2015, prior to the promulgation of a decision, the Veteran indicated that was satisfied with the initial ratings assigned for radiculopathy of the right and left lower extremities. 

CONCLUSION OF LAW

The criteria for withdrawal of the appeal by the Veteran as to the issues of initial ratings in excess of 10 percent for radiculopathy of the right and left lower extremities have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the Veteran or by his or her authorized representative. Id. Prior to the promulgation of a decision, in correspondence received in December 2015, the Veteran indicated that he was "in agreement with the letter dated September 9, 2014 regarding my overall combined rating of 60 percent based on the VA exam at the VAMC August 14, 2012." He subsequently reiterated his agreement with the September 2014 rating decision. The September 9, 2014 letter referenced by the Veteran informed him of a September 2, 2014 rating decision that granted service connection for radiculopathy of the lower extremities and assigned separate 10 percent ratings, based on an August 14, 2012 VA examination. Consequently, the Veteran indicated that he was satisfied with the initial ratings assigned for his bilateral lower extremity radiculopathy and no longer wanted to pursue his appeal in this regard. Although the Veteran's representative subsequently submitted an appellate brief, there was no indication that the Veteran wished to pursue his appeal on this matter. Hence, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review the claim of entitlement to initial higher ratings for right and left lower extremity radiculopathy. Therefore, the appeal from the denial of this claim is dismissed.

ORDER

The appeal from the denial of the claim for entitlement to separate initial ratings in excess of 10 percent for radiculopathy of the right and left lower extremities is dismissed.

REMAND

The Veteran's claims for higher ratings for back disability and for bilateral hearing loss must be remanded for further development. 

Regarding the Veteran's claim for a higher rating for back disability, the Board finds that the AOJ failed to substantially comply with the Board's remand instructions. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (remand by the Board confers upon a veteran, as a matter of law, the right to compliance with the remand instructions, and imposes upon VA a concomitant duty to ensure compliance with the terms of the remand).

In the April 2015 remand, the Board directed the AOJ to obtain private treatment records from Dr. Savarese, Dr. Schencker, Dr. Zeal, and Dr. Hakim. The AOJ sent the Veteran the necessary authorization form in June 2015. In a July 2015 correspondence, the Veteran clarified that Dr. Schencker was the only physician who treated him for his back condition and attached a privacy release form only for Dr. Schencker. However, these records have not been associated with the claims file, nor is there any indication that the AOJ requested them, as instructed by the Board. The Veteran also stated that the record from the remaining doctors have already been associated with the record. Review of the record reflects that records from Dr. Zeal and Dr. Hakim are associated with the record, however, records from Dr. Savarese are not of record. Thus, on remand these records must also be obtained. 

With respect to the Veteran's claims for higher rating for bilateral hearing loss, the Veteran's April 2015 VA treatment records reflect that his hearing loss had worsened, requiring new hearing aids. The Veteran was last afforded a VA examination in August 2012 for his hearing loss. In light of the Veteran's VA treatment records indicating a potential worsening of his hearing loss, the Board finds a remand is necessary to afford the Veteran another VA examination to adequately assess the current severity of his bilateral hearing loss. See Snuffer v. Gober, 10 Vet. App. 400 (1997); Allday v. Brown, 7 Vet. App. 517 (1995) (VA must provide a new examination where the Veteran claims the disability has worsened and the record does not adequately reveal the current state of the Veteran's disability).

As the claims are being remanded, VA treatment records since September 2015 should also be obtained on remand. See 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c); Sullivan v. McDonald, 815 F.3d 786, 793 (Fed. Cir. 2016). 

Accordingly, the case is REMANDED for the following action:

1. Obtain all VA treatment records dated since September 2015.

2. After obtaining the necessary authorization from the Veteran, obtain medical records from Dr. Schencker and Dr. Savarese. 

3. Then, schedule the Veteran for a VA examination to determine the current severity of his bilateral hearing loss. The claims folder must be made available to and be reviewed by the examiner. All tests deemed necessary should be conducted and the results reported in detail. The examination should be conducted in accordance with the current disability benefits questionnaire.

4. After the above development has been completed and any additional development deemed appropriate, readjudicate the claims. If any benefit sought on appeal remains denied, furnish the Veteran and his representative a SSOC and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
Jonathan Hager
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs