NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THELMA S. SOMMER,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-2071

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-3098, Judge Amanda L. Meredith.

---

Decided: October 9, 2018

---

THELMA S. SOMMER, Pasadena, TX, pro se.

DANIEL B. VOLK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR., CHAD A. READLER; BRANDON A. JONAS, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before NEWMAN, LOURIE, and STOLL, *Circuit Judges*.

PER CURIAM.

Thelma S. Sommer appeals the United States Court of Appeals for Veterans Claims' decision affirming the Board of Veterans' Appeals' denial of death pension benefits. Because Mrs. Sommer fails to challenge the validity of the Veterans Court's decision based on a rule of law or interpretation of any statute or regulation, or based on a constitutional issue, we dismiss this appeal for lack of jurisdiction.

BACKGROUND

Mrs. Sommer is the surviving spouse of Mr. Charles F. Sommer, Jr., who served in the United States Navy from 1942 to 1945. *See Sommer v. Wilkie*, No. 17-3098, 2018 WL 2277811, at *1 (Vet. App. May 18, 2018) ("*Veterans Court Decision*"). Mr. Sommer passed away in 2005, after which Mrs. Sommer filed a claim for nonservice-connected death pension benefits. *Id.* In January 2006, a Veterans Affairs ("VA") Regional Office ("RO") granted her claim and awarded her a monthly amount of $591. *Id.* In October 2006, however, the VA terminated Mrs. Sommer's death pension benefits because her annual income exceeded the Maximum Annual Pension Rate ("MAPR"). *Id.*

Mrs. Sommer appealed the VA's termination of her benefits, but withdrew that appeal in August 2009. *Id.* In August 2010, Mrs. Sommer filed the current claim for death pension benefits, which an RO denied in 2011. *Id.* Thereafter, Mrs. Sommer submitted additional evidence of medical expenses, which the RO considered, but the RO declined to reopen Mrs. Sommer's claim. *Id.* On September 1, 2017, the Board denied Mrs. Sommer's claim for death pension benefits, agreeing that her countable

income for the relevant time periods exceeded the MAPR. *Id.*; *see also* J.A. 8–14. Mrs. Sommer appealed the Board's decision to the Veterans Court.

The Veterans Court affirmed the Board's decision denying Mrs. Sommer's death pension benefits. *Veterans Court Decision*, 2018 WL 2277811, at *2–3. The Veterans Court discussed the applicable statutes and regulations governing death pension benefits, explaining that a surviving spouse is entitled to the MAPR reduced by the amount of the surviving spouse's annual income. *Id.* at *1 (citing 38 U.S.C. § 1541 & 38 C.F.R. §§ 3.271, 3.272). The Veterans Court explained that the Board reasonably calculated Mrs. Sommer's countable income, including her social security disability income, and found that her income exceeded the MAPR. *Id.* at *2. The Veterans Court also held that Mrs. Sommer failed to produce any evidence that her countable income fell below the MAPR such that she was entitled to death pension benefits during the relevant time periods. *Id.* Although the Veterans Court acknowledged Mrs. Sommer's general disagreement with the Board's decision, it found that she "raise[d] no specific argument contesting any aspect of the Board's decision" and failed "to demonstrate that the Board's findings were clearly erroneous or otherwise inadequately explained." *Id.* Accordingly, the Veterans Court affirmed the Board's decision. *Id.*

Mrs. Sommer appeals. We have jurisdiction pursuant to 38 U.S.C. § 7292(a).

## DISCUSSION

The scope of our review in an appeal from the Veterans Court is limited. We may review a Veterans Court decision "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). Except to the extent an appeal raises

a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

On appeal, Mrs. Sommer asserts that she is entitled to her husband's retirement benefits. Mrs. Sommer fails, however, to challenge any particular aspect of the Veterans Court's decision. Mrs. Sommer does not challenge the Veterans Court's decision based on a rule of law or the validity or interpretation of any statute or regulation. Nor does Mrs. Sommer raise a constitutional issue. Indeed, the Veterans Court's decision neither involved a question regarding the validity or interpretation of a statute or regulation, nor decided a constitutional issue. Rather, the Veterans Court affirmed the Board's use of the applicable laws and regulations governing death pension benefits to the facts of Mrs. Sommer's case. As we understand Mrs. Sommer's appeal, she merely seeks review of the Board's application of law to the facts of her case, which we lack jurisdiction to do. *See id.*; *see also Sullivan v. McDonald*, 815 F.3d 786, 789 (Fed. Cir. 2016) ("We may not review factual determinations or application of law to fact."). Accordingly, we dismiss this appeal.

CONCLUSION

Because Mrs. Sommer does not raise any issue within our limited jurisdiction, we dismiss this appeal.

**DISMISSED**

COSTS

No costs.