﻿Citation Nr: AXXXXXXXX
Decision Date: 02/27/20 Archive Date: 02/27/20

DOCKET NO. 190715-25019
DATE: February 27, 2020

REMANDED

1. Entitlement to service connection for a low back disability is remanded.

2. Entitlement to service connection for a neck disability is remanded. 

3. Entitlement to service connection for varicose veins of the left lower extremity is remanded.

4. Entitlement to service connection for varicose veins of the right lower extremity is remanded. 

REASONS FOR REMAND

The appellant is a Veteran who served on active duty from July 1987 to August 1987. In December 2018, he selected the Supplemental Claim lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. The January 2019 AMA rating decision on appeal considered the evidence of record as of the date of the AMA rating decision. In July 2019, the Veteran timely appealed the January 2019 rating decision to the Board and requested Direct Review of the evidence considered by the Agency of Original Jurisdiction (AOJ). [He did not appeal the matter of service connection for posttraumatic stress disorder (PTSD), and that matter is not before the Board.] 

Due to pre-decisional duty to assist errors identified below, remand is necessary.

1. Entitlement to service connection for a low back disability

The Veteran contends he has a low back disability related to his active duty service. Although he initially reported such was incurred during “weekend duty 1988 or 1989” (see April 2017 VA Form 21-526EZ), he has subsequently reported that his claimed low back disability was incurred in active duty service when climbing out of an armored vehicle (see August 2017 VA back examination report) or when jumping off an armored personnel carrier. See December 2017 Notice of Disagreement (NOD). 

The Veteran was afforded a VA (fee basis) back examination in August 2017; the examiner found that the Veteran did not have a back disability. At that examination, the Veteran reported that he has received chiropractic treatment; those records were not been sought and should be obtained on remand. Sullivan v. McDonald, 815 F.3d 786 (Fed. Cir. 2016). 

Since the August 2017 examination, and prior to the January 2019 rating decision on appeal, VA treatment records show an assessment of acute low back strain (see December 14, 2017 VA treatment record) and loss of range of motion “at lumbar spine, poor posture with scoliosis and core instability” (see January 12, 2018 VA physical therapy record). The PT record notes an “acute on chronic” disability. As the August 2017 VA (fee basis) examination report did not encompass consideration of these findings, and apparently does not reflect the current status of his back (prior to January 2019), it is inadequate for rating purposes. Another orthopedic examination to ascertain the nature and etiology of the Veteran’s back disability is necessary. 

2. Entitlement to service connection for a neck disability

The Veteran contends he has a neck disability related to active duty service, including specifically due to wearing a heavy helmet while jumping from heights. See June 2018 VA Form 9. A December 2017 cervical spine MRI showed multilevel degenerative changes with mild to moderate canal stenosis at C5-6 and moderate to severe foraminal stenosis at both C5-6 and C6-7. 

As noted above, the Veteran has reported receiving chiropractic treatment for his spine. It is unclear if such treatment was limited to his lumbar spine or included his cervical spine. Remand is necessary to obtain the identified chiropractic treatment records. VA treatment records also reflect that he may have been treated by a private primary care provider Dr. D.C. (prior to April 2017) for complaints of chronic numbness and tingling fingers, sometimes radiating from his neck. See October 11, 2017 VA treatment record. Accordingly, relevant non-VA primary care records should also be obtained. [If such records tend to relate his neck disability to service, an examination for an etiology opinion would be necessary.] 

3., 4. Entitlement to service connection for left and right lower extremity varicose veins 

The Veteran contends that he has varicose veins of both legs due to wearing tightly-laced combat boots with his pants tucked in during service. See June 2018 Form 9. Recent VA treatment records note a diagnosis of varicose veins and use of compression socks for such. See November 16, 2017 VA treatment record. Although his service treatment records (STRs) are silent for complaints of such (acknowledging that the file does not include a service separation examination report), an April 1989 (less than 2 years after separation from active duty service) National Guard treatment record notes his request to have his “varicose veins checked,” and he has reported that he has had worn compression stockings since his 20’s (soon after his separation from active duty service). See October 11, 2017 VA treatment record. Under these circumstances and considering the low threshold standard for determining when a VA examination to obtain a nexus opinion is necessary, endorsed by the U.S. Court of Appeals for Veterans Claims (CAVC) in McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006), a VA examination to secure a medical advisory opinion regarding the nature and likely etiology of the varicose veins is necessary. 

The matters are REMANDED for the following:

1. Ask the Veteran to provide identifying information regarding all private evaluations or treatment he received for his back, neck, and varicose vein disabilities, and to submit authorizations for VA to secure for the record complete (all outstanding) clinical records from all providers identified, specifically including from Dr. D.C. (non-VA primary care provider) and chiropractic records identified on August 2017 VA back examination. Obtain those records.

2. Thereafter, arrange for an orthopedic examination of the Veteran to determine the likely etiology of his claimed low back disability (and if shown by the records received pursuant to #1, above, neck disability). Based on review of the entire record (to include this remand and any records received pursuant to the development ordered above) and examination/interview of the Veteran, the consulting examiner should offer opinions that respond to the following:

(a) Identify (by diagnosis) each low back disability entity found (or shown by the record during the pendency of this claim). If a low back disability is not diagnosed, reconcile such finding with the diagnoses noted above (prior to January 2019).

(b) Identify the likely etiology for each low back disability entity diagnosed. Specifically, is it at least as likely as not (a 50% or greater probability) that such disability was incurred or aggravated during the Veteran’s active service? [For purposes of this examination, the examiner should assume the Veteran sustained trauma in service when climbing out of/jumping off an armored personnel carrier.]

(c) Identify by diagnosis (and opine regarding the likely etiology of) any neck disability shown by any additional chiropractic treatment records received. Specifically, is the disability at least as likely as not due to the wearing of a helmet while jumping from heights in service (as alleged).

The examiner should explain the rationale for all opinions, citing to supporting factual data, as deemed appropriate.

3. Arrange for an examination of the Veteran by an appropriate clinician to determine the likely etiology of his bilateral lower extremity varicose veins. On review of the record (to include this remand and any records received pursuant to the development ordered above) and examination/interview of the Veteran, the provider should offer opinions that respond to the following:

(a) Confirm that the Veteran’s reported diagnosis of left and right lower extremity varicose veins.

(b) Identify the likely etiology for each lower extremity varicose vein disability. Specifically, is it at least as likely as not (a 50% or greater probability) that such disability was incurred or aggravated during the Veteran’s active service? In providing the rationale for this opinion, the examiner should address: (1) the Veteran’s report that his varicose veins are due to wearing tight boots with tucked-in pants during service, (2) his April 1989 (less than 2 years after separation from active duty service) request to have his “varicose veins checked,” and, (3) his statement that he has worn compression stockings since his 20’s (i.e. soon after his separation from active duty service).

(c) If the varicose veins are determined to not be related to the Veteran’s service, identify the etiology considered to be more likely, and explain why that is so.

The examiner should explain the rationale for all opinions, citing to supporting factual data, as deemed appropriate.

 

 

GEORGE R. SENYK

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Dupont, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.