﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200117-54923
DATE: November 30, 2020

REMANDED

Entitlement to compensation pursuant to 38 U.S.C. § 1151 for the loss of use of the right eye is remanded.

REASONS FOR REMAND

The Veteran served on active duty from November 1970 to November 1971.

This matter is before the Board of Veterans’ Appeals (Board) on appeal from a rating decision issued in October 2019 by a Department of Veterans Affairs (VA) Regional Office (RO). 

In the initial July 2019 AMA decision, the agency of original jurisdiction (AOJ) denied entitlement to compensation pursuant to 38 U.S.C. § 1151 for the loss of use of the right eye. 38 C.F.R. §§ 3.2100, 3.2400(a)(1), 19.2. In September 2019, the Veteran requested higher-level review of the AOJ decision. 38 C.F.R. §§ 3.2100, 3.2400(a)(1), 3.2500(a)(i), 3.2601. In an October 2019 higher-level review decision, entitlement to compensation pursuant to 38 U.S.C. § 1151 was again denied. 38 C.F.R. § 3.2601.

In January 2020, the Veteran appealed the denial of compensation under 38 U.S.C. § 1151 to the Board and requested direct review of his claim by a Veterans Law Judge (VLJ). 38 C.F.R. §§ 3.2500(a)(1)(ii), 20.202, 20.203. As the Veteran selected direct review, the Board will base its decision on the evidence of record at the time July 2019 AOJ decision. 38 C.F.R. §§ 20.300, 20.301, 3.2601(f).

1. Entitlement to compensation pursuant to 38 U.S.C. § 1151.

At the time of the July 2019 AOJ decision, the Veteran’s VA treatment records were associated with the file, which included a version of the informed consent given by the Veteran prior to his May 2006 right eye surgery, which is the subject of the current appeal. However, the informed consent document of record specifically notes that it is an abbreviated version, and that a full copy of the informed consent may be accessed through VistA imaging. A review of the file does not otherwise reflect that a full copy of the informed consent document was of record at the time of the July 2019 decision.

In a claim for compensation pursuant to 38 U.S.C. § 1151, fault may be established based on the fact that VA furnished care without informed consent. 38 U.S.C. § 1151. Informed consent in turn is specifically defined and requires that certain information be provided. 38 C.F.R. § 17.32(b). In order to ensure that proper informed consent was obtained prior to the surgery at issue, and thus that there was no fault on the part of VA, the Board must review the complete version of the informed consent. 38 U.S.C. § 1151; 38 C.F.R. § 17.32(b). As the full version was not obtained prior to the August 2019 AOJ decision, the Board finds that a pre-decisional duty to assist error occurred and therefore remand is necessary so that all records contained in VistA imaging, to include a full copy of the informed consent, may be obtained and associated with the file. 38 C.F.R. § 20.802.

The Board notes that treatment records prior to the surgery note that the Veteran was informed of the risks of the surgery, including in November 2004 and May 2006. While highly probative evidence concerning the issue on appeal, even if these records were sufficient to establish informed consent, ultimately there were outstanding VA treatment records at the time of the August 2019 AOJ decision, which needed to be obtained regardless of relevance. Sullivan v. McDonald, 815 F.3d 786, 790–92 (Fed. Cir. 2016). As such, remand is warranted despite the fact that treatment records clearly reflect the Veteran was, at a minimum, informed of the risks of the surgery prior to it occurring.

The matters are REMANDED for the following action:

Appropriate efforts should be made to obtain and associate with the file all medical records contained in VistA imaging, including a full copy of the informed consent from the May 2006 right eye surgery.

All actions to obtain the records should be documented. If the records cannot be located or do not exist, the Veteran should be notified and given an opportunity to provide them.

 

 

LESLEY A. REIN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Wendell, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.