Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 200415-165229
DATE: July 14, 2021

REMANDED

Entitlement to payment or reimbursement of medical expenses incurred in connection with the Veteran's care at the Taubman Center (University of Michigan) beginning September 9, 2019 is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Air Force from January 1966 to January 1970. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a February 2020 determination by the Department of Veterans Affairs (VA) Veterans Health Administration (VHA) Office of Community Care in Ann Arbor, Michigan. The Veteran appealed to the Board in April 2020, requesting the Evidence Submission review option, which allowed him 90 days following the receipt of his notice of disagreement (NOD) to submit additional evidence. 38 C.F.R. §§ 20.201, 20.202(b)(3).

Entitlement to payment or reimbursement of medical expenses incurred in connection with the Veteran's care at the Taubman Center (University of Michigan) beginning September 9, 2019 is remanded.

The Veteran seeks payment or reimbursement of medical expenses incurred in connection with non-VA medical treatment and services rendered at the Taubman Center beginning on September 9, 2019. He has asserted that after walking 14,000 steps volunteering at the Ann Arbor VA Medical Center (VAMC), he could not walk. See April 2020 NOD Attachment. According to the Veteran, after presenting to the VAMC, it was determined that he had blood on his replacement knee. His VA general practitioner indicated that he could not be seen by orthopedics quickly enough. As such, a community care referral was made to the University of Michigan Hospital. Id.

Upon reviewing the Veteran's claims file, no records from any VAMC have been associated with the file since April 2014. In a Clinical Tracking Record, prepared in connection with adjudicating the Veteran's reimbursement claim, the agency of original jurisdiction (AOJ) noted that he was enrolled for VA care, that he had received care during the prior 24 months, and that the private care in question had not been pre-certified.

Under the law, prior to adjudicating a claim for benefits, VA adjudicators have a duty to obtain VA treatment records of which they have notice, regardless of their relevance. See, e.g., Sullivan v. McDonald, 815 F.3d 786 (Fed. Cir. 2016). Because the AOJ in this case was on notice of the fact that the Veteran had received VA care since April 2014, it should have obtained updated records of that treatment before adjudicating his claim. The failure to do so constitutes a pre-decisional duty to assist error that must be corrected.

This matter is REMANDED for the following action:

1. Take action to ensure that all records of the Veteran's VA treatment are associated with the record, including any community care referrals that might be relevant to his claim for unreimbursed medical expenses, following the procedures set forth in 38 C.F.R. § 3.159. The evidence obtained should be associated with the record.

2. Ensure that a complete copy of the Veteran's VHA medical appeals folder has been associated with his electronic claims file. 

 

DAVID A. BRENNINGMEYER

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board R. Kettler, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.