Citation Nr: 1719231 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 13-10 523 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in Honolulu, Hawaii


THE ISSUE

Entitlement to service connection for a low back disorder.


REPRESENTATION

Appellant represented by: Hawaii Office of Veterans Services


WITNESSES AT HEARING ON APPEAL

Appellant and his spouse


ATTORNEY FOR THE BOARD

Sarah Campbell, Associate Counsel

INTRODUCTION

The Veteran served on active duty from November 1960 to May 1963.

This appeal to the Board of Veterans' Appeals (Board) arose from June 2011 rating decision by the Tiger Team in Cleveland, Ohio, which, inter alia, denied service connection for a low back disorder. The Veteran filed a notice of disagreement (NOD) in August 2011. The RO issued a statement of the case (SOC) in January 2013 and the Veteran filed a timely substantive appeal (via VA Forms 9, Appeal to the Board of Veterans' Appeals) in January 2013. A supplemental statement of the case reflecting continued denial of the low back claim was also issued in April 2013. 

In June 2013, the Veteran and his wife testified during a Board hearing before the undersigned Veterans Law Judge at the RO. A transcript of the hearing is of record. 

In March 2015 and January 2016, the Board remanded the claim on appeal to the RO, via the Appeals Management Center (AMC), for additional development. After attempting to accomplish the requested action, the AMC continued to deny the claim (as reflected in August 2015 and September 2016 SSOCs, respectively), and returned the matter to the Board for further appellate consideration.

While the Veteran previously had a paper claims file, this appeal is now being processed utilizing the paperless, electronic Veterans Benefits Management System (VBMS) and Virtual VA claims processing systems. 

Also, this appeal has been advanced on the Board's docket. See 38 U.S.C.A. § 7107 (a)(2) (West 2014) and 38 C.F.R. § 20.900 (c) (2016). 

For reasons expressed below, the claim on appeal is, again, being remanded to the AOJ. VA will notify the Veteran when further action, on his part, is required.




REMAND

Unfortunately, the Board finds that further action on this appeal is warranted, even though such will, regrettably, further delay an appellate decision on this matter.. 

The Veteran contends that he has low back disability resulting from carrying heavy back packs during service and that his symptoms have continued since service. 

Pursuant to the Board's January 2016 remand, an additional addendum opinion was obtained, as the previous examinations were deemed inadequate and did not address the Veteran's contentions as to the continuity of his low back symptoms since service. In a May 2016 addendum opinion, the VA physician noted that the March 2011 examiner diagnosed the Veteran with lumbar spine multilevel degenerative disc disease (DDD) based on a July 2010 magnetic resonance image (MRI) of the lumbar spine. The 2016 VA physician indicated that the diagnosis of lumbar spine DDD by MRI, forty-seven years after military service was consistent with aging associated with physical activity after military service and is forty-six years after the one year presumptive period for degenerative arthritis. Although the Veteran contends that this degenerative change from a lifelong degenerative process was a result of his duties including ruck-sacking during service over a period of less than three years, the physician concluded that this contention was not supported by the objective medical records. 

The physician further explained that review of the Veteran's service medical records revealed no objective evidence of a chronic back condition in service including no diagnosis of lumbar spine DDD, and no chronic back condition in service including from duties in service, which the physician explained is further and objectively supported by the Veteran's April 1963 Separation Report of Medical Examination with no back complaint and normal clinical evaluation of the back (spine). The physician concluded that the objective examination clearly and unmistakably establishes that the Veteran separated from the military without a chronic back condition. The physician noted that immediately after military separation in May 1953, the Veteran began working for a roofing company from his retirement in 2010 and since, the Veteran had a history of periodic complaints of musculoskeletal and joint pain associated with his post-service employment, particularly from frequent climbing. Furthermore, serial imaging studies prior to the lumbar spine MRI from July 2010, show a gradual progression of the Veteran's degenerative changes consistent with aging and during a period following military service, clearly establishing its relationship to aging and employment after military service, as shown from the progression of the DDD in December 2001, March 2009, and July 2010 imaging studies. Therefore, the examiner opined the Veteran's lumbar spine multilevel DDD diagnosed in March 2011 is most likely a result of events after military service including aging, and not a result of an in-service injury, event or illness, including duties in service such as but not limited to ruck-sacking.

The Board emphasizes, however, that the Veteran filed a claim for arthritis, multiple joints in September 1963, just four months after service. An October 1963 VA examination report reflects the Veteran's report that his back pain started in service after suffering from a URI (upper respiratory infection) and that it hurt more when lifting heavy objects or bending. No further examination of his back was conducted; rather the examiner discussed all other joints. Also, an August 1965 clinical record from the Tripler Army Hospital reflects the Veteran reported intermittent pain at the base of his spine for the past two years. Here, like the other medical opinions of record, the May 2016 examiner concluded that the Veteran's back pain in service resolved following treatment of his acute viral illness. However, none of the opinions of record address the Veteran's continued complaints of back pain as noted in the October 1963 VA examination report, as well as the August 1965 clinical record from the Tripler Army Hospital. Rather, it appears that May 2016 examiner, in particular, relied heavily on the lack of medical evidence of a diagnosis or treatment of DDD of the lumbar spine for many years post-service, contrary to the above and the Veteran's assertions.

Thus, the Board finds that further medical opinion-clearly based on full consideration of the Veteran's documented medical history and assertions, to include the evidence identified above-is needed to resolve this claim. See 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2016); McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006). 

The opinion should be sought from the May 2016 opinion provider, or, if necessary, another physician based on claims file review (if possible). The AOJ should only arrange for the Veteran to undergo VA examination if one is deemed necessary in the judgment of the individual designated to provide the addendum opinion.

The Veteran is hereby advised that failure to report to any scheduled examination, without good cause, may result in denial of the claim. See 38 C.F.R. § 3.655 (2016). Examples of good cause include, but are not limited to, the illness or hospitalization of the claimant and death of an immediate family 

Prior to undertaking action responsive to the above, to ensure that all due process requirements are met, and the record is complete, the AOJ should undertake appropriate action to obtain and associate with the claims file (in VBMS and/or Virtual VA) all outstanding, pertinent records.

As for VA records, the claims file reflects that the Veteran has been receiving VA treatment from the VA Medical Center (VAMC) in Honolulu, Hawaii and that records from that facility dated through March 2017 are associated with the record; however, more recent records may exist. The Board emphasizes that records generated by VA facilities that may have an impact on the adjudication of a claim are considered constructively in the possession of VA adjudicators during the consideration of a claim, regardless of whether those records are physically on file. See Sullivan v. McDonald, 815 F.3d 786, 793 (Fed. Cir. 2016). See also Dunn v. West, 11 Vet. App. 462, 466-467 (1998); Bell v. Lewinski, 2 Vet. App. 611, 613 (1992). Hence, the AOJ should obtain all outstanding records of VA evaluation and/or treatment of the Veteran since March 2017.

The AOJ should also give the Veteran another opportunity to provide additional information and/or evidence pertinent to the claim on appeal (to include as regards private (non-VA) treatment), explaining that he has a full one-year period for response. See 38 U.S.C.A. § 5103(b)(1) (West 2014); but see 38 U.S.C.A. § 5103(b)(3) (clarifying hat VA may make a decision on a claim before the expiration of the one-year notice period). This should include identification of the medical facility where the Veteran receives kinesiotherapy, and authorization to obtain any outstanding medical records from the Tripler Army Medical Center (if required).

Thereafter, the AOJ should obtain any additional evidence for which the Veteran provides sufficient information and, if necessary, authorization, following the procedures prescribed in 38 C.F.R. § 3.159 (2016).

The actions identified herein are consistent with the duties imposed by the Veterans Claims Assistance Act of 2000 (VCAA). See 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159. However, identification of specific actions requested on remand does not relieve the AOJ of the responsibility to ensure full VCAA compliance. Hence, in addition to the actions requested above, the AOJ should also undertake any other development or notification action deemed warranted prior to adjudicating the claim on appeal.

Accordingly, this matter is hereby REMANDED for the following action:

1. Obtain from the Honolulu VAMC (and any associated facility(ies)) all outstanding, pertinent records of evaluation and/or treatment of the Veteran since March 2017,. Follow the procedures set forth in 38 C.F.R. § 3.159(c) as regards requesting records from Federal facilities. All records and/or responses received should be associated with the claims file. 

2. Send to the Veteran and his representative a letter requesting that the Veteran provide sufficient information and authorization, to obtain additional evidence pertinent to the claim on appeal that is not currently of record. This should include identification of the medical facility where the Veteran receives kinesiotherapy. Specifically request that the Veteran furnish, or furnish appropriate authorization to obtain, all outstanding, pertinent, private (non-VA) medical records-to include from the Tripler Army Medical Center (as appropriate).

Clearly explain to the Veteran that he has a full one-year period to respond (although VA may decide the claim within the one-year period).

3. If the Veteran responds, assist him in obtaining any additional evidence identified, following the current procedures set forth in 38 C.F.R. § 3.159. All records/responses received should be associated with the claims file. If any records sought are not obtained, notify the Veteran of the records that were not obtained, explain the efforts taken to obtain them, and describe further action to be taken.

4. After all records and/or responses received from each contacted entity have been associated with the claims file, arrange to obtain an addendum opinion from the physician who provided the May 2016 opinion.

If that individual is no longer employed by VA or is otherwise unavailable, document that fact in the claims file and arrange to obtain an addendum opinion from an appropriate physician based on claims file review, if possible. Only arrange for the Veteran to undergo further examination is if one is deemed medically necessary in the judgment of the individual designated to provide the addendum opinion.

The examiner should render an opinion, consistent with sound medical judgment, as to whether it is at least as likely as not (i.e., a 50 percent or greater probability) that the Veteran's current DDD has its during service or is otherwise medically related to service. 

In addressing the above, the physician must consider and discuss all pertinent in- and post-service medical and other objective evidence, as well as all lay assertions-to include the October 1963 VA examination report and August 1965 clinical record from the Tripler Army Medical Center reflecting the Veteran's reports of back pain since service, as well as his current assertions as to nature, onset, and continuity of back symptoms 

The examiner is advised that the Veteran is competent to report injuries and symptoms, and that his assertions in this regard must be considered in formulating the requested opinion. If lay assertions in any regard are discounted, the examiner should clearly so state, and explain why. 

All examination findings (if any), along with complete, clearly-stated rationale for the conclusions reached, must be provided.

5. To help avoid future remand, ensure that the requested actions have been accomplished (to the extent possible) in compliance with this REMAND. If any action is not undertaken, or is taken in a deficient manner, appropriate corrective action should be undertaken. See Stegall v. West, 11 Vet. App. 268 (1998).

6. After completing the requested actions, and any additional notification and/or development deemed warranted, adjudicate the claim on appeal in light of all pertinent evidence (to particularly include all that added to the VBMS and/or Virtual VA file(s) since the last adjudication of the claim) and legal authority.

7. If the benefit sought on appeal remains denied, furnish the Veteran and his representative an SSOC that includes clear reasons and bases for all determinations, and afford them an appropriate time period for response.

The purpose of this REMAND is to afford due process and to accomplish additional development and adjudication; it is not the Board's intent to imply whether the benefit requested should be granted or denied. The Veteran need take no action until otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This REMAND must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
JACQUELINE E. MONROE 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2016).