Citation Nr: 1814060 
Decision Date: 03/08/18 Archive Date: 03/14/18

DOCKET NO. 14-10 622A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUES

1. Whether new and material evidence has been received to reopen a previously denied claim for service connection for avascular necrosis of the hips, to include as secondary to a service-connected left knee status-post arthroscopic surgery and arthrotomy (left knee disability).

2. Entitlement to service connection for avascular necrosis of the hips, to include as secondary to a service-connected left knee disability.

3. Whether new and material evidence has been received to reopen a claim for service connection for hypertension, to include as secondary to a service-connected left knee disability and avascular necrosis of the hips. 

4. Entitlement to service connection for hypertension, to include as secondary to a service-connected left knee disability and avascular necrosis of the hips. 

5. Entitlement to service connection for a psychiatric disorder, to include dysthymic disorder and anxiety disorder, to include as secondary to a service-connected left knee disability and avascular necrosis of the hips. 

6. Entitlement to special monthly compensation (SMC) based on the need for aid and attendance of another person. 

7. Entitlement to a total rating based upon individual unemployability (TDIU) due to service-connected disabilities. 

8. Entitlement to nonservice-connected pension.


REPRESENTATION

Veteran represented by: Abbey Herrin Clarkson, Attorney


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

Carole Kammel, Counsel


INTRODUCTION

The Veteran had active service from October 1985 to March 1986, and from October 1992 to February 1993. 

This appeal comes before the Board of Veterans' Appeals (Board) on appeal, in part, from a January 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama. By that rating action, the RO declined to reopen a previously denied claim for service connection for avascular necrosis of the hips; reopened a previously denied claim for service connection for hypertension, to include as secondary to a service-connected left knee disability and denied the de novo claim on its merits, and denied service connection for a dysthymic disorder with an anxiety disorder, to include as secondary to a service-connected left knee disability. The Veteran timely appealed these determinations to the Board. 

This appeal also stems from a January 2013 rating action issued by the above RO. By that rating action, the RO, in part, denied entitlement to SMC based on the need for aid and attendance of another person; entitlement to a TDIU rating; and entitlement to nonservice-connected pension. The Veteran appealed these determinations to the Board. 

The Board has recharacterized the Veteran's claim of entitlement to service connection for dysthymic disorder and anxiety disorder as a claim of entitlement to service connection for a psychiatric disorder, to include dysthymic disorder and anxiety disorder. See Clemons v. Shinseki, 23 Vet. App. 1 (2009) (stating that the scope of a mental health disability claim includes any mental disability that may reasonably be encompassed by the claimant's description of the claim, reported symptoms, and the other information of record).

Finally, as the Veteran indicated in a March 2010 written statement to VA that his hypertension and acquired psychiatric disorder were secondary to his service-connected left knee disability and avascular necrosis of the hips (see VA Form 21-4138, Statement in Support of Claim, received by VA in March 2010), the Board has recharacterized these claims to accurately reflect the Veteran's contentions. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C § 7107(a)(2) (West 2014).

In the decision below, the Board will reopen the previously denied claims for service connection for avascular necrosis of the hips and hypertension, and will remand the underlying service connection claims for these disabilities, as well as the remaining claims on appeal, to the RO for additional development.
FINDINGS OF FACT

1. By a final August 2006 rating decision, the RO declined to reopen the Veteran's claim for service connection for avascular necrosis of the hips, to include as secondary to a service-connected left knee disability. The RO also denied service connection for hypertension. The Veteran did not appeal or file new and material evidence within one year of the August 2006 rating action, thus, it became final. 

2. Since the August 2006 rating decision, VA received evidence that relates to unestablished facts and raises a reasonable possibility of substantiating the claims for service connection for avascular necrosis of the hips and hypertension, each to include as secondary to a service-connected left knee disability, notably medical treatise evidence of a relationship between hip pain and knee disorders and a current diagnosis of hypertension). 


CONCLUSIONS OF LAW

1. The August 2006 rating decision, wherein the RO declined to reopen a previously denied claim for service connection for avascular necrosis of the hips and denied service connection for hypertension, to include as secondary to a service-connected left knee disability, is final. 38 U.S.C. § 7105 (c) (West 2014); 38 C.F.R. § 20.1103 (2017). 

2. Evidence received since the August 2006 rating decision is new and material with regard to the claim of entitlement to service connection for avascular necrosis of the hips, to include as secondary to a service-connected left knee disability; the claim is reopened. 38 U.S.C. § 5108 (West 2014); 38 C.F.R. § 3.156 (2017).

3. Evidence received since the August 2006 rating decision is new and material with regard to the claim of entitlement to service connection for hypertension, to include as secondary to a service-connected left knee disability; the claim is reopened. 38 U.S.C. § 510; 38 C.F.R. § 3.156.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

In general, decisions of the RO and the Board that are not appealed in the prescribed time period are final. 38 U.S.C. §§ 7104, 7105 (2014); 38 C.F.R. §§ 3.104, 20.1100, 20.1103 (2017). A finally disallowed claim, however, may be reopened when new and material evidence is presented or secured with respect to that claim. 38 U.S.C. § 5108 (2014).

Regardless of the action taken by the RO, the Board must determine whether new and material evidence has been received subsequent to an unappealed RO denial. Jackson v. Principi, 265 F.3d 1366, 1369 (Fed. Cir. 2001). As part of this review, the Board considers evidence of record at the time of the previous final disallowance of the claim on any basis, including on the basis that there was no new and material evidence to reopen the claim, and evidence submitted since a prior final disallowance. Evans v. Brown, 9 Vet. App. 273, 285-86 (1996).

New evidence means existing evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156 (2017). For purposes of reopening a claim, the credibility of newly submitted evidence is generally presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992). 

The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is low. Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). In determining whether this low threshold is met, VA should not limit its consideration to whether the newly submitted evidence relates specifically to the reason why the claim was last denied, but instead should ask whether the evidence could reasonably substantiate the claim were the claim to be reopened, to include by triggering the Secretary's duty to assist or consideration of a new theory of entitlement. Shade, 24 Vet. App. at 117-18. 

Additionally, new and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision if a timely appeal has been filed, will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period. 38 C.F.R. § 3.156(b). Furthermore, at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed but were not associated with the claims file when VA first decided the claim, VA will reconsider the claim, rather than requiring new and material evidence. 38 C.F.R. § 3.156(c)(1). A claim is not reconsidered, however, where VA could not have obtained the records when it initially decided the claim because the records did not exist at that time, or because the claimant failed to provide sufficient information to identify and obtain the records from the respective service department, the Joint Services Records Research Center, or any other official source. 38 C.F.R. § 3.156(c)(2).

To establish service connection, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service - the so-called nexus requirement. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). 

In a May 1998 rating decision, the RO denied service connection for a hip disorder because there was no diagnosis during service. The Veteran did not appeal that decision nor submit new and material evidence within one year. The rating decision is thus final based on the evidence then of record. See 38 U.S.C.A. § 7105(c); 38 C.F.R. § 20.1103. In a November 1998 rating decision, the RO denied service connection for a hip disorder because there was no diagnosis during service. The Veteran did not appeal that decision nor submit new and material evidence within one year. The rating decision is thus final based on the evidence then of record. See 38 U.S.C.A. § 7105(c); 38 C.F.R. § 20.1103. In a September 2004 rating decision, the RO declined to reopen the claim for service connection for a hip disorder because there was no new and material evidence. The Veteran did not appeal that decision nor submit new and material evidence within one year. The rating decision is thus final based on the evidence then of record. See 38 U.S.C.A. § 7105(c); 38 C.F.R. § 20.1103.

In an August 2006 rating decision, the RO declined to reopen a previously denied claim for a hip disorder, to include as secondary to a service-connected left knee disability because the evidence did not show any complaints, treatment, or risk factors during active service, or that it had been caused and/or aggravated by the service-connected left knee disability. The RO also denied service connection for hypertension because the evidence did not show any complaints, treatment for hypertension during active service, or post-service evidence that the Veteran had been diagnosed with hypertension. New and material evidence was not received within the one-year appeal period and the Veteran did not timely appeal the decision. Therefore, the August 2006 rating decision became final. 38 U.S.C. 
§ 7105(c); 38 C.F.R. §§ 3.156(b), 20.1103.

Initially, the Board notes that at the time of the August 2006 rating decision, the evidence of record included, in part, the Veteran's service treatment records (STRs) dated from October 24, 1985 to March 26, 1986 and from October 23, 1992 to February 26, 1993. The STRS were devoid of any subjective complaints or clinical findings referable to the hips, elevated blood pressure readings and/or diagnosis of hypertension. In late February 2014, VA received additional service treatment records (STRs) from the Veteran's period of National Guard/Reserve service, to include an April 1994 Report of Medical History and National Guard enlistment examination report. These reports do not show that the Veteran received any treatment for his hips, or contain any elevated blood pressure readings or clinical findings referable to hypertension. The Veteran's blood pressure was 118/60 during his April 1994 examination. His lower extremities and psychiatric system were evaluated as "normal." On an April 1994 Report of Medical History, the Veteran denied having had any bone, joint or other deformity and high or low blood pressure. Thus, as the newly received STRs do not contain any subjective complaints or clinical findings referable to the hips, or evidence of elevated blood pressure readings and/or diagnosis of hypertension, they are not relevant to the claims for service connection for avascular necrosis of the hips and hypertension and 38 C.F.R. § 3.156(c) (2017) does not apply to either claim. Therefore, the August 2006 rating decision is final with respect to the issues of entitlement to service connection for avascular necrosis of the hips, to include as secondary to a service-connected left knee disability, and entitlement to service connection for hypertension; and new and material evidenced is required to reopen these claims. 38 C.F.R. § 3.156(c)(1). 

Evidence of record at the time of the 2006 decision includes the Veteran's lay statements, VA treatment records, and service treatment records (STRs). Those records contain a diagnosis of hip disorder that was due to steroid use for his non-service-connected asthma. The STRs do not indicate any in-service complaints, symptoms, or diagnoses of the hips or of hypertension. 

Evidence submitted after the 2006 decision includes additional VA treatment records, private medical records, and a 2010 VA examination. The 2010 VA examination provided a negative nexus opinion regarding a relationship between the left knee and the bilateral hip disorder. Private medical records contain a diagnosis of hypertension in 2007. Additionally, medical treatise evidence newly submitted discussed a relationship between knee problems/surgery/rehabilitation and hip pain and diagnoses of hypertension. This evidence is new as it was not of record at the time of the August 2006 rating action. It is also material. It is material because it shows a relationship between knee and hip problems and diagnosis of hypertension, facts that were not of record at the time of the August 2006 rating action. Thus, the Board finds that new and material evidence has been received to reopen previously denied claims for service connection for avascular necrosis and hypertension, each to include as secondary to service-connected left knee disability. Shade, 24 Vet. App. at 117. Accordingly, the claims are reopened. 


ORDER

New and material evidence having been received, the claim for service connection for avascular necrosis of the hips, to include as secondary to a service-connected left knee disability is reopened; to this extent only, the appeal is granted.

New and material evidence having been received, the claim for service connection for hypertension, to include as secondary to a service-connected left knee disability is reopened; to this extent only, the appeal is granted.


REMAND

The Board finds that additional substantive development is necessary prior to further appellate consideration of the claims. Specifically, the RO should obtain outstanding VA and private treatment records. In addition, a remand is necessary to have the Veteran scheduled for an examination to determine the etiology of his hypertension, and to have the RO issue a Supplemental Statement of the Case (SSOC) that addresses all evidence received since issuance of an April 2014 Statement of the Case (SOC). The Board will discuss each reason for remand below.

i) VA treatment records

Regarding all of the issues on appeal, a remand is required to obtain VA medical records. VA has a duty to assist claimants to obtain evidence needed to substantiate a claim. 38 U.S.C. § 5103A (2014); 38 C.F.R. § 3.159(c) (2017). This includes making as many requests as are necessary to obtain relevant records from a Federal department or agency, including, but not limited to, military records, VA medical records, records from facilities with which the VA has contracted, and records from Federal agencies such as the Social Security Administration. 38 C.F.R. 
§ 3.159(c)(2). VA medical records are in constructive possession of the agency, and must be obtained if the material could be determinative of the claim. Bell v. Derwinski, 2 Vet. App. 611 (1992). VA's duty to assist extends to providing assistance to obtain all VA medical records or records of examination or treatment at non-VA facilities authorized by VA if adequately identified by a claimant, regardless of whether they are potentially relevant or not. Sullivan v. McDonald, 815 F.3d 786 (2016). Here, following the issuance of the most recent SOC in April 2014, a December 2016 VA report of hospitalization shows that the Veteran was admitted to a VA facility with a diagnosis of bilateral hip replacements. These records of hospital treatment have not been associated with the electronic record. The Board notes that the most recent VA treatment records are dated through December 2012. As such, the issues on appeal must be remanded to ensure that the record is complete.

ii) Private treatment records

During the hearing before the undersigned, the Veteran testified that he had submitted reports from Drs. S. and C. in support of his claim for service connection for avascular necrosis of the hips, to include as secondary to a service-connected left knee disability. These reports, however, are not of record. Thus, as the outstanding private treatment reports are potentially relevant to the claim for service connection for avascular necrosis of the hips, to include as secondary to a service-connected left knee disability, they must be secured on remand. 

iii) VA examination-Hypertension

A remand is warranted to obtain a VA examination to determine the etiology of the Veteran's hypertension. VA has a duty to assist claimants to obtain evidence needed to substantiate a claim. 38 U.S.C. § 5103A (2014); 38 C.F.R. § 3.159 (2017). VA's duty to assist includes providing a medical examination when is necessary to make a decision on a claim. 38 U.S.C. § 5103A(d); 38 C.F.R. 
§ 3.159(c)(4). The RO did not provide the Veteran with an examination in conjunction with his claim for service connection for hypertension. Such development is necessary if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim, but (1) contains competent evidence of diagnosed disability or symptoms of disability, (2) establishes that the veteran suffered an event, injury or disease in service, or has a presumptive disease during the pertinent presumptive period, and (3) indicates that the claimed disability may be associated with the in-service event, injury, or disease, or with another service-connected disability. 38 C.F.R. § 3.159(c)(4); McLendon v. Nicholson, 20 Vet. App. 79, 83-86 (2006) (noting that the third element establishes a low threshold and requires only that the evidence "indicates" that there "may" be a nexus between the current disability or symptoms and active service, including equivocal or non-specific medical evidence or credible lay evidence of continuity of symptomatology).

Here, the record includes VA treatment records which include a diagnosis of hypertension. At the September 2017 Board hearing, the Veteran reported that he was stressed because he was unable to work as a result of his service-connected left knee, which, in turn, had caused his hypertension. Additionally, treatise evidence suggests a potential relationship between a left knee disability and hypertension. There is a diagnosis of hypertension. Additionally, there is competent testimony of a causal relationship between the Veteran's service-connected left knee disability and his hypertension. Accordingly, remand for a VA examination is required. See 38 C.F.R. § 3.159(c); McLendon v. Nicholson, 20 Vet. App. 79 (2006).

iv) VA examination - Hip disorder

A central issue in determining the probative value of an examination is whether the examiner was informed of the relevant facts in rendering a medical opinion. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302-04 (2008). Here, an August 2010 VA examination provided negative nexus opinion regarding the Veteran's claim for service connection for a bilateral hip disorder. After that time, however, medicals treatise evidence and additional medical records were submitted. Additionally, an addendum opinion is required. 

v) SSOC

After issuance of an April 2014 SOC, wherein the RO addressed the claims on appeal, and before the case was certified to the Board in September 2017, additional VA treatment and examination reports and VA Vocational Rehabilitation records were received into the record. The law, effectuated by Section 501 of the Honoring America's Veterans and Caring for Camp Lejeune Families Act of 2012, Public Law 112-154 , and the preliminary interpretative guidance provided to the ROs via VBA Fast Letter 14-02, permits evidence to be considered without a waiver of initial RO review if the evidence was submitted by the appellant and/or representative where the substantive appeal is filed on or after February 2, 2013. 

Here, the Veteran's substantive appeal with respect to the initial rating claim was received after February 2, 2013; thus, a waiver is not required with respect to the above-cited evidence. However, this exception does not extend to evidence obtained by the RO, such as the above-cited VA treatment and examination records. The Board notes that during the hearing before the undersigned, the Veteran waived initial RO consideration of VA Vocational Rehabilitation records. He did not, however, extend the waiver to the above-cited VA treatment and examination records. As the VA treatment and examination records contain clinical findings referable to the Veteran's claimed disabilities, employability and ability to perform tasks of self-care, they are pertinent to the claims on appeal, and, thus, a waiver is required, or, in its absence, these records must be addressed by the RO in an SSOC.

Accordingly, the case is REMANDED to the RO for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Contact the appropriate VA Medical Center and obtain and associate with the claims file all outstanding records of treatment, to include all records dated from 2012, to include records surrounding the Veteran's December 2016 treatment for bilateral hip replacements. If any requested records are not available, or the search for any such records otherwise yields negative results, that fact must clearly be documented in the claims file. Efforts to obtain these records must continue until it is determined that they do not exist or that further attempts to obtain them would be futile. The non-existence or unavailability of such records must be verified and this should be documented for the record. Required notice must be provided to the Veteran and his attorney.

2. Contact the Veteran and afford him the opportunity to identify by name, address and dates of treatment or examination any relevant medical records, notably reports, prepared by Drs. S and C., referenced by him during his September 2017 hearing. Subsequently, and after securing the proper authorizations where necessary, make arrangements to obtain all the records of treatment or examination from all the sources listed by the Veteran which are not already on file. All information obtained must be made part of the file. All attempts to secure this evidence must be documented in the claims file, and if, after making reasonable efforts to obtain named records, they are not able to be secured, provide the required notice and opportunity to respond to the Veteran and his attorney. 
 
3. After any additional records are associated with the claims file, provide the Veteran with an appropriate examination to determine the etiology of his hypertension. The entire claims file must be made available to and be reviewed by the examiner. Any indicated tests and studies must be accomplished and all clinical findings must be reported in detail and correlated to a specific diagnosis. An explanation for all opinions expressed must be provided. 

The examiner is asked to provide responses to the following questions: is it at least as likely as not (a 50 percent probability or greater) that

(a) hypertension had onset in, or is otherwise related to, a period of military service; or

(b) hypertension was manifested to a compensable degree within a year of discharge from active duty in either March 1986 or February 1993; or

(c) hypertension was caused by his service-connected left knee disability; or

(d) hypertension was aggravated by his service-connected left knee disability. 

In formulating his or her responses to questions (c) and (d), the examiner is hereby advised that the Veteran has maintained that he is unable to work secondary to his service-connected left knee disability, which, in turn, has led to increased stress and hypertension. The examiner must address any private positive nexus opinions obtained on remand, and the medical treatise evidence submitted in January 2012. 

4. After any additional records are associated with the claims file, obtain an opinion to determine the etiology of his bilateral hips disorder. The entire claims file must be made available to and be reviewed by the examiner. If an examination is deemed necessary, one must be conducted. An explanation for all opinions expressed must be provided. 

The examiner is asked to provide responses to the following questions: Is it at least as likely as not (a 50 percent probability or greater) that 

(a) avascular necrosis of the hips had onset in, or is otherwise related to, a period of military service; or

(b) avascular necrosis of the hips was manifested to a compensable degree within a year of discharge from active duty in either March 1986 or February 1993; or

(c) avascular necrosis of the hips was caused by his service-connected left knee disability; or

(d) avascular necrosis of the hips was aggravated by his service-connected left knee disability. 

The examiner must address the 2010 VA examination, any private positive nexus opinions obtained on remand, and the medical treatise evidence submitted in January 2012. 

5. Notify the Veteran that it is his responsibility to report for any scheduled examination and to cooperate in the development of the claims for service connection for hypertension and that the consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2017). In the event that the Veteran does not report for any scheduled examination, documentation must be obtained which shows that notice scheduling the examination was sent to the last known address. It must also be indicated whether any notice that was sent was returned as undeliverable.

6. Ensure compliance with the directives of this remand. If a report is deficient in any manner, the RO must implement corrective procedures. Stegall v. West, 11 Vet. App. 268, 271 (1998). 
 
7. After completing the above action, and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claims must be readjudicated . If the claims remain denied, an SSOC that addresses all evidence received since issuance of an April 2014 SOC must be provided to the Veteran and his attorney. After the Veteran and his attorney have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
K. MILLIKAN
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs